758 P.2d 660
William C. JONES, Petitioner,

v.

PIMA COUNTY, Arizona, Superior Court, and The Honorable Alice Truman, Judge Thereof, and The Honorable Thomas Meehan, Presiding Judge Thereof, Respondents,

and

The ESTATE OF Ethel I. JONES, Real Party in Interest.

No. 2 CA-SA 88-0066.

Court of Appeals of Arizona, Division 2, Department A.

July 14, 1988.

Aboud & Aboud, P.C. by John Eli Aboud, Tucson, for petitioner.

Law Offices of William W. Wissler by William W. Wissler, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

This special action arises from the trial court's denial of a notice of change of judge. Because we believe the trial court erred as a matter of law, we assume jurisdiction and grant relief.

In late 1987, an action for dissolution of marriage was pending between petitioner and Ethel I. Jones. On October 8, Ethel I. Jones died. In early 1988, a probate action was commenced in Pima County Superior Court and, on March 7, a superior court judge pro tempore ordered that the dissolution action proceedings and pendente lite orders be transferred to the probate court for disposition. On March 25 the respondent Judge Truman issued a minute entry in both the dissolution and probate actions, ordering a copy of the March 7 minute entry in the dissolution action be included in the probate action. On April 1 petitioner filed a notice of change of judge requesting a change from the respondent. On April 5 counsel for the estate of the deceased wife filed an objection, and on May 4 the respondent presiding judge found that the notice of change of judge was not timely filed and the request was denied.

■ The Rules of Civil Procedure apply to formal probate proceedings, as nothing is specifically provided to the contrary in the probate code. A.R.S. § 14–1304. Ariz. R.Civ.P. 42(f)(1)(C), 16 A.R.S., provides:

Time. Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed sixty (60) or more days before the date set for trial. Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial judge, a notice shall be timely filed as to the newly-assigned judge if filed within ten (10) days after such new assignment and before trial commences.

■ The assignment for trial of a formal probate matter is governed by Rule 2.3(f), Pima County Local Rules, which provides:

All contested matters arising in probate, ... shall be preferred for trial, and shall be assigned for trial before the judge of the probate division upon compliance with Rule 5 of the Uniform Rules of Practice of the Superior Court. The judge of the probate division may refer any contested matter to the court administrator for reassignment.

Rule V, Uniform Rules of Practice of the Superior Court, is inapplicable to this proceeding in that it deals with witness and exhibit lists, motions to set and certificates of readiness and various other matters. Permanent assignment of an action for all purposes under Rule VII, Uniform Rules of Practice of the Superior Court, is provided for as follows:

In counties with more than one judge, the presiding judge may, upon his motion or upon the motion of any party, assign a case permanently to one judge for all purposes.

The argument of the real party in interest is that, since the respondent judge has been the presiding judge for probate matters in the Pima County Superior Court for many years, the March 14 minute entry of the judge pro tempore in the dissolution proceeding which transferred the proceedings to the probate division in effect "assigned" the respondent judge to the case for trial purposes. The minute entry does direct that a copy be sent to the respondent judge. The real party in interest would agree that, while no argument under Rule VII was made, since the respondent judge is the only judge to hear contested probate matters, the petitioner knew when he received the March 7 minute entry that the case had been "assigned" to the respondent judge. The notice of change of judge was filed more than 10 days thereafter, and was therefore untimely.

The March 7 minute entry's assignment of the case to the "probate court" was not an assignment to a particular trial judge within the meaning of Rule 42(f)(1)(C). The case was not assigned to the respondent judge for trial or for any purpose. It was merely an assignment for the general purpose of transferring the case within the superior court system to the "probate court," and any of the judges of the superi-

or court could eventually have been assigned as the trial judge as contemplated by Pima County Local Rule 2.3(f).

Under Rule 42(f)(1)(C), there are two opportunities to file a notice of change of judge. The first occurs when a notice is filed 60 or more days before the trial date, and the second occurs when an assignment has been made which identifies the trial judge for the first time or which changes the trial judge. In the latter case, the rule requires that the notice be filed within ten days of the assignment or reassignment, but before trial commences. Since no trial date had been set or even requested in the probate matter, the notice was filed more than 60 days before the trial date. Additionally, since there had been no assignment or reassignment, the 10 days had not yet started to run. The order of the respondent court finding that the notice was not timely filed is therefore vacated. An order granting the change of judge shall be entered and the case is remanded for further proceedings.

LACAGNINA, C.J., and HOWARD, P.J., concur.